IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLYDE WOODS | § | |
|     TDCJ-CID #1332200 | § | |
| V. | § | C.A. NO. C-06-222 |
| | § | |
| TDCJ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is defendants' motion for partial dismissal (D.E. 18), seeking to dismiss with prejudice plaintiff's claims for monetary damages against the individual defendants in their official capacities as barred by the Eleventh Amendment. It is respectfully recommended that defendants' motion for partial dismissal be granted.

## I. Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. Background facts

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Terrell Unit in Rosharon, Texas. In the instant lawsuit, he complains that, while at the Garza West Unit in Beeville, Texas, he contracted an infection in his right arm. Dr. Jose Coronado diagnosed the infection as Shingles and prescribed a medication based on that diagnosis. Plaintiff disagreed with the diagnosis and asked that the infection be cultured, but Dr. Coronado refused. The infection spread. Eventually, plaintiff was sent to UTMB-Galveston where the infection was cultured and determined to be Staph. Plaintiff was started on antibiotics.

Following his stay at UTMB-Galveston, plaintiff was transferred to the Byrd Unit in Huntsville. Id. There, Dr. Curry, stopped the Staph antibiotic, and re-started him on the Shingles medication. Id. Again, the infection started to spread. Id. Shortly thereafter, plaintiff was transferred to the Terrell Unit in Rosharon, Texas. Id. There, Dr. Owusu did nothing for plaintiff's infection, but merely sent him to see Paul Jung, a physician's assistant ("PA"). Id. Plaintiff claims that PA Jung started him on the wrong medication, and that the infection spread to 85% of his arm. Id. Plaintiff was returned to UTMB-Galveston where he was seen by a PA who treated chronic infections. Id. She placed him back on the same Staph medication that he had been prescribed the first time he was there.

Plaintiff filed suit on May 19, 2006, alleging deliberate indifference to his serious medical needs. (D.E. 1). He named as defendants Dr. Maximiliano Herrera, a Garza West Unit physician; Dr. Joseph Curry, a Byrd Unit physician; Dr. Kwabena Owusu, a physician at the Terrell Unit; and Paul Jung, a physician's assistant at the Terrell Unit. He also named the TDCJ, together with its contracted medical provider, the University of Texas Medical Branch ("UTMB"). He has since amended his complaint to add claims under the Americans with Disabilities Act (D.E. 7), to sue defendants in their individual capacities (D.E. 27), to dismiss Dr. Herrera and to substitute in Dr. Coronado (D.E. 35), and to add claims of negligence (D.E. 36). According to his original complaint, he seeks $250,000 from each defendant for any medical bills, plus pain and suffering.

### III. Discussion

The individual defendants move for partial dismissal to dispose of plaintiff's claims against them in their official capacities. (D.E. 18).

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Eleventh Amendment bars a suit for money damages against a state or state agency. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Fifth Circuit has consistently held that the Eleventh Amendment precludes awards of money damages against persons sued in their official capacities. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) (citing Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Augilar v. TDCJ, 160 F.3d 1052, 1054 (5th Cir. 1998)). Thus, to the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment.

## IV.  Recommendation

For these reasons, it is respectfully recommended that defendants' motion for partial dismissal (D.E. 18) be granted, and that plaintiff's claims against the individual defendants in their official capacities for money damages be dismissed with prejudice.

Respectfully submitted this 28th day of February, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).