IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLYDE WOODS | § | |
|     TDCJ-CID #1332200 | § | |
| V. | § | C.A. NO. C-06-222 |
| | § | |
| TDCJ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for injunctive relief. (D.E. 29). For the reasons stated herein, it is respectfully recommended that plaintiff's request for injunctive relief be denied.

**I. Jurisdiction**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II. Background facts**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Terrell Unit in Rosharon, Texas. In the instant lawsuit, he complains that, while at the Garza West Unit in Beeville, Texas, he contracted an infection in his right arm. Dr. Jose Coronado diagnosed the infection as Shingles and prescribed a medication based on that diagnosis. Plaintiff disagreed with the diagnosis and asked that the infection be cultured, but Dr. Coronado refused. The infection spread. Eventually, plaintiff was sent to UTMB-Galveston where the infection was cultured and determined to be Staph. Plaintiff was started on antibiotics.

Following his stay at UTMB-Galveston, plaintiff was transferred to the Byrd Unit in Huntsville. Id. There, Dr. Curry, stopped the Staph antibiotic, and re-started him on the Shingles

medication.  Id.  Again, the infection started to spread.  Id.  Shortly thereafter, plaintiff was transferred to the Terrell Unit in Rosharon, Texas.  Id.  There, Dr. Owusu did nothing for plaintiff's infection, but merely sent him to see Paul Jung, a physician's assistant ("PA").  Id.  Plaintiff claims that PA Jung started him on the wrong medication, and that the infection spread to 85% of his arm. Id.  Plaintiff was returned to UTMB-Galveston where he was seen by a PA who treated chronic infections.  Id.  She placed him back on the same Staph medication that he had been prescribed the first time he was there.

In his request for injunctive relief (D.E. 29), plaintiff claims that he wants to stop the pain in his arm and that the medication he is taking does not work.  He wants a Court order requiring defendants to "fix" his arm.

### III.  Discussion

To obtain a preliminary injunction under FED.R.CIV.P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy.  First, according to his pleadings, he is now receiving the medication for a Staph infection as originally diagnosed by UTMB-Galveston.  If this medication is not working, the solution is to seek additional medical care,

not to file a motion for injunctive relief. There is no allegation that plaintiff is being refused medical attention, only that medication that was once working is no longer doing so. Moreover, it is unclear to whom plaintiff's injunctive request is directed. Defendant Dr. Owusu was the only doctor located at the Terrell Unit. The Court does not have jurisdiction over non-parties to order them to provide certain medical care.

Plaintiff fails to show that he has a likelihood of success on his claims, if it were properly pleaded, or that there is a threat of irreparable injury. Plaintiff admits that he has a compromised immune system due to AIDS/HIV, and his body's ability to fight the Staph infection might be reduced and take longer than expected. However, he does not suggest that the infection is not a Staph infection, as was the basis of his lawsuit challenging the Shingles diagnosis. His claim for injunctive relief is merely frustration that he has not healed more rapidly, and this fails to state a claim.

Finally, the federal courts are reluctant to step in and tell prison administrators, including physicians, how to perform their duties. As long as plaintiff is being seen by medical staff, and he makes no claim that he is not, the fact that he has not healed quickly does no entitled him to injunctive relief.

### IV. Recommendation

For these reasons, it is respectfully recommended that plaintiff's motion for injunctive relief (D.E. 29) be denied.

Respectfully submitted this 28th day of February, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).