**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| CLYDE WOODS  § | | |
|     TDCJ-CID #1332200  § | | |
| V.  § | | C.A. NO. C-06-222 |
| § | | |
| TDCJ, ET AL.  § | | |

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND COMPLAINT
AND ON DEFENDANT'S MOTION TO SET AMENDMENT DEADLINE**

Pending are plaintiff's "Motion Asking Permission to Amend Original Complaint" (D.E. 35), "Motion Asking to Amend Complaint to Add Negligence" (D.E. 36), "Motion Asking to Amend Complaint with the Federal Tort Claims Act and the Negligent Tort" (D.E. 38), and "Motion to Amendment of Plaintiff's Facts of Dr. Jose, Coronado System Management" (D.E. 43). Defendants have filed a response (D.E. 39), and a motion requesting asking that an amendment cut-off deadline be set.

### I. Procedural history

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Terrell Unit in Rosharon, Texas. He filed this civil rights action on May 19, 2006, alleging that defendants had failed to provide him with adequate medical care in deliberate indifference to his serious medical needs. He named as defendants: Dr. Maximiliano Herrera, a Garza West Unit physician; Dr. Joseph Curry, a Byrd Unit physician; Dr. Kwabena Owusu, a physician at the Terrell Unit; and Paul Jung, a physician's assistant at the Terrell Unit. He also named the

TDCJ, together with its contracted medical provider, the University of Texas Medical Branch ("UTMB").

In his original complaint, plaintiff stated that he entered the TDCJ on November 18, 2005, and was initially assigned to the Garza West Transfer Unit. (D.E. 1 at 4, and supplemental page). While there, he contracted an infection in his right arm. Id. Dr. Herrera diagnosed him with Shingles and prescribed medication. However, the infection continued to spread, and plaintiff asked that a culture be taken and that he be sent to UTMB-Galveston. Id. At Galveston, it was discovered that he had a Staph infection, and he was started on antibiotics. Id.

Following his stay at UTMB-Galveston, plaintiff was transferred to the Byrd Unit in Huntsville. Id. There, Dr. Curry, stopped the medication that plaintiff had been prescribed while at UTMB-Galveston, and re-started him on the Shingles medication. Id. Again, the infection started to spread. Id. Shortly thereafter, plaintiff was transferred to the Terrell Unit in Rosharon, Texas. Id. There, Dr. Owusu did nothing for plaintiff's infection, but merely sent him to see Paul Jung, a physician's assistant ("PA"). Id. Plaintiff claims that PA Jung started him on the wrong medication, and that the infection spread to 85% of his arm. Id.

Plaintiff filed a grievance, and as a result, was transferred to UTMB-Galveston where he was seen by a PA who treated chronic infections. Id. She placed him back on the same Staph medication that he had been prescribed the first time he was there. Plaintiff claims that his arm is permanently damaged and scarred. Id.

On June 12, 2006, plaintiff filed an amended complaint alleging that defendants' actions were also in violation of the Americans' with Disabilities Act.

An evidentiary hearing was held on August 30, 2006, following which, service was ordered on the individual defendants. (D.E. 11).

On December 28, 2006, plaintiff filed a motion for leave to amend his complaint to sue defendants in their individual capacity. (D.E.. 27). Defendants did not oppose the motion (D.E.31), and on December 29, 2006, plaintiff was granted leave to amend his complaint to sue defendants in their individual capacities. (D.E.32).

## II. Pending motions to amend

On January 12, 2007, plaintiff filed a motion to amend to substitute as a defendant Dr. Jose Coronado for Dr. Herrera. (D.E. 35 ). Plaintiff claims that it was in fact Dr. Coronado who mis-diagnosed him with Shingles, and that he has no claim against Dr. Herrera.

On January 16, 2007, plaintiff filed a motion to amend to add a claim of negligence. (D.E. 36). He argues that, in the alternative, if defendants' actions were not intentional, it was negligent for them to not culture his infection to determine it was Staph.

On January 22, 2007, plaintiff filed a third motion to amend complaint. (D.E. 38). Plaintiff states that his injuries were also the result of numerous non-medical, TDCJ personnel such that he seeks to hold the TDCJ itself liable for a tort. He believes an action is properly maintained against the TDCJ under the Federal Tort Claims Act, and seeks leave to amend to assert such a claim.

On February 8, 2007, plaintiff filed a pleading titled "Motion to Amendment of Plaintiff's Facts of Dr. Jose, Coronado System Management" (D.E. 43). In this motion plaintiff appears to be complying with defendants' request that he set forth facts in support of his claims against Dr. Coronado.

### III. Discussion

Rule 15(a), Fed. R. Civ. P., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981).

#### A.  Plaintiff's Motion for Leave to Amend (D.E. 35)

In this motion to amend, plaintiff states that he misidentified Dr. Herrera in his original pleadings and that he in fact has no claim against Dr. Herrera. He states that it was in fact Dr. Coronado who wrongfully diagnosed him with Shingles, and he wishes to substitute Dr. Coronado as the proper defendant. Defendants argue that plaintiff has failed to allege personal involvement against Dr. Coronado such that he should not be permitted to amend his complaint to add Dr. Coronado as a defendant.

Plaintiff's motion to amend his complaint to add Dr. Coronado as a defendant in place of Dr. Herrera[1] (D.E. 35) is GRANTED.  Plaintiff adequately alleged facts to survive § 1915A screening against Dr. Herrera, and now Dr. Coronado will be substituted in his place. All allegations originally made against Dr. Herrera are now deemed made against Dr. Coronado.  Additionally, plaintiff has already complied with the request of defendants that he allege specific acts against Dr. Coronado (D.E. 43).  By separate order, service will be ordered on Dr. Coronado.

### B.     Plaintiff's Motion for Leave to Amend (D.E. 36)

Plaintiff seeks to add a claim of negligence (D.E. 36), against the named defendants for failing to order a culture of his infection.

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a). Plaintiff's negligence claims against the individual defendants arise out of the same basic facts that form his claims of deliberate indifference.  As such, plaintiff's motion to amend (D.E. 36), is GRANTED, and plaintiff may raise his negligence claims in this proceeding. However, plaintiff is advised that, if his claims of deliberate indifference do not survive summary judgment, the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction.  See 28 U.S.C. § 1367(c)(3).

---

[1] By separate memorandum and recommendation, it was recommended that Chief Judge Head dismiss all claims against Dr. Herrera.

### C. Plaintiff's Motion For Leave to Amend (D.E. 38).

In his final motion to amend, plaintiff seeks to add a claim against TDCJ personnel under the Federal Tort Claims Act.

The Federal Tort Claims Act, 28 U.S.C. § 2674, imposes liability *upon the United States* for the tortious conduct of *its employees* when acting within the course and scope of their employment. The TDCJ is a State entity and its employees are state actors. Plaintiff has no claim under the FTCA. Accordingly, his motion to amend to state a claim under the FTCA is denied. See Stripling v. Jordan Production Co., 234 F.3d 863, 872-73 (5th Cir. 2000). (a district court may deny a motion to amend if it concludes that the proposed amendment would be futile).

### D. Plaintiff's Motion to Amendment of Plaintiff's Facts of Dr. Jose, Coronado System Management (D.E. 43)

In this motion plaintiff appears to be attempting to comply with Defendants' request that he set forth facts in support of his claims against Dr. Coronado. The motion will be treated as an amendment and supplement to plaintiff's complaint. The Clerk shall terminate the pleading (D.E. 43) insofar as it appears to be a motion.

### E. Defendants' Motion to Set Amendment Deadline (D.E. 40)

Defendants point out that plaintiff filed three motions to amend his complaint within ten days, and that it is burdensome for defendants to have to respond to each motion and filed an amended answer to each amended complaint. They seek a deadline by which plaintiff must set forth all of his claims. Undersigned United States Magistrate Judge agrees, and

defendants' motion (D.E. 40) is granted.  Plaintiff is instructed that the deadline to file any additional motions for leave to amend to his claims is **March 20**, **2007.**  Defendants need not file an amended answer until after that date and until after service on Dr. Coronado.

## IV.  Conclusion

Plaintiff's motion for leave to amend his complaint to add Dr. Coronado (D.E. 35) is GRANTED.  Plaintiff's motion for leave to amend to add a claim of negligence (D.E. 36) is GRANTED.  Plaintiff's motion for leave to add an FTCA claim (D.E. 38) is DENIED.  Plaintiff's motion regarding Dr. Coronado is treated as an amendment to his complaint, and the Clerk shall terminate the motion (D.E. 43) as moot.  Defendants' motion to set a deadline for amending plaintiff's complaint (D.E. 40) is GRANTED.  The last day to file an amendment complaint will be **March 20, 2007**.  Defendants need not file an amended answer to any pleading until after that date, and until after service on Dr. Coronado.

ORDERED this 28th day of February, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE