IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLYDE WOODS | § | |
|     TDCJ-CID #1332200 | § | |
| V. | § | C.A. NO. C-06-222 |
| | § | |
| TDCJ, ET AL. | § | |

## ORDER ON PENDING MOTIONS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are the following motions

(1)    Defendants' motion for extension of time to file a motion for summary judgment (D.E.55);

(2)    Plaintiff's motion to amend complaint (D.E. 57);

(3)    Plaintiff's motion to amend complaint (D.E. 61);

(5)    Plaintiff's motion for production of medical records (D.E. 67);

(5)    Defendants' motion to stay April 4, 2007 dispositive motion deadline (D.E.68); and

(6)    Plaintiff's motion of jurisdiction under federal rules and procedures (D.E. 71).

Having reviewed the motions, the following orders are entered:

### Plaintiff's motions to amend

Plaintiff was previously granted an extension of time, until March 20, 2007, to file all amendments to his complaint. (See D.E. 51). Moreover, defendants do not object to either of the proposed amendments. Accordingly, plaintiff's motions to amend, (D.E. 57 and 61), are GRANTED. Plaintiff is advised that the deadline for amending his complaint has now run and that he is to file no other motions seeking leave to amend his complaint.

**Defendants' motion for extension of time and for stay of dispositive motion deadline**

Plaintiff filed suit on May 19, 2006, alleging deliberate indifference to his serious medical needs. (D.E. 1). He named as defendants Dr. Maximiliano Herrera, a Garza West Unit physician; Dr. Joseph Curry, a Byrd Unit physician; Dr. Kwabena Owusu, a physician at the Terrell Unit; and Paul Jung, a physician's assistant at the Terrell Unit. He also named the TDCJ, together with its contracted medical provider, the University of Texas Medical Branch ("UTMB"). He later amended his complaint to add claims under the Americans with Disabilities Act (D.E. 7) and to sue defendants in their individual capacities (D.E. 27).

At plaintiff's request, the Court allowed plaintiff to dismiss Dr. Herrera and to substitute in Dr. Coronado (D.E. 35), and to amend his complaint to add negligence claims against all defendants (D.E. 36). On February 28, 2007, the Court ordered service on Dr. Coronado through the Office of the Attorney General. Dr. Coronado's answer was due on March 28, 2007; it was timely filed on March 27, 2007.

Under the existing Scheduling Order, dispositive motions were due on or before April 4, 2007. That is, Dr. Coronado's motion for summary judgment would have been due one week after his answer was filed. Clearly, the Scheduling Order is not intended to impose such a hardship. Defendants move for a one-hundred-fifty day extension of time to file their motion for summary judgment. (D.E. 55, 68). Plaintiff objects to the extension of time arguing that defendants previously requested that the Court shorten the time in which he

2

could amend his complaint, such that they should not be allowed to enlarge the time in which they can file a dispositive motion. (D.E. 64).

Plaintiff incorrectly characterizes defendants' earlier request concerning the amendment deadline. Defendants did not seek a shortening of time within which plaintiff could file his amendments; rather, they were attempting to limit the sheer number of amendments that plaintiff was filing in piecemeal fashion. Plaintiff's objection is overruled. However, the Court finds that a one-hundred-fifty day extension is excessive. The Order for Service of Process contemplates that dispositive motions will be filed within ninety days after the answer is filed. Accordingly, defendants' motion for an extension of time, (D.E. 55), is GRANTED. Defendants are afforded ninety (90) days from the date Dr. Coronado filed his answer, that is, until **June 27, 2007**, to file a dispositive motion. Defendants motion for stay of the April 4, 2007 deadline, (D.E. 68), is denied as moot.

### Motion for Discovery

Plaintiff seeks a copy of his UTMB medical records from November 17, 2005, to date. He states that he is indigent and cannot afford to pay for them.

As plaintiff should be aware, discovery requests should be served on opposing counsel, not the Court. However, in the interest of moving this case forward and because plaintiff is discoverable matters, plaintiff's motion (D.E. 67) is granted. Defendants are ordered to produce plaintiff's medical records, or make them available to plaintiff for his inspection, within thirty (30) days of the date of this order.

### Motion of Jurisdiction

In his motion of jurisdiction, plaintiff argues that, because he is in the custody of the State of Texas, the Attorney General should be representing him, and not defendants, in this proceeding. Plaintiff cites no authority in support of his motion, and it (D.E. 71) is DENIED.

ORDERED this 10th day of April, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE