IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLYDE WOODS | § | |
|     TDCJ-CID #1332200, | § | |
|               Plaintiff, | § | |
| V. | § | C.A. NO. C-06-222 |
| | § | |
| TDCJ, ET AL., | § | |
|               Defendants. | § | |

## ORDER ON PLAINTIFF'S MOTION TO LIMIT DISCOVERY

In this civil rights action, plaintiff, a Texas state prisoner proceeding *pro se*, claims that defendants were deliberately indifferent to his serious medical needs concerning the diagnosis and treatment of a Staph infection in his arm. He has now filed a pleading entitled "Motion Asking the Court to Block the Defendants from Receiving Irrelevant Documents," (D.E. 86), in which he argues that defendants should not be permitted to discover his prison grievances. Plaintiff claims that defendants are attempting to "build a case on slander" based on a past suicide attempt. Id. In addition, plaintiff reurges his objection to the Office of the Attorney General's representation of defendants.

Plaintiff's motion (D.E. 86) is DENIED. Plaintiff has failed to articulate with specificity the basis for his discovery objection. Plaintiff's grievance records are arguably relevant to the claims and defenses in this case. Plaintiff will have the opportunity to object to the relevance at the time that dispositive motions are filed, and later if the case is tried before a jury.

To the extent plaintiff again objects to the Attorney General's representation of defendants, that objection was previously addressed and overruled.  (<u>See</u> D.E. 82).  Plaintiff is cautioned that, should he persist in the filing of frivolous motions, he will be sanctioned.

ORDERED this 6th day of June, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE